■ ARNOLD HAINES, Appellant, v. COOK ELECTRIC Co., Respondent.— Order, entered on March 25, 1963, granting in part plaintiff's motion to strike certain items of the defendant's demand for a bill of particulars unanimously affirmed, with $20 costs and disbursements to respondent. One of the items passed upon merits some discussion. It is paragraph XIV of the demand for a bill of particulars. That item refers to foreign law. In this suit for professional services by the plaintiff — an Argentine lawyer — demand is made for $16,000,000. The complaint alleges specifically, that the sum sought is fixed by Argentine law. The plaintiff seeks recovery of that amount solely by virtue

of that law. The defendant, by its answer, puts that allegation in issue. It is, therefore, incumbent upon the plaintiff to offer proof of the Argentine law relied upon in support of his position. By presenting that issue through his complaint the plaintiff in effect requests the court to pass upon questions of Argentine law. Therefore, he should be required to furnish, through his bill of particulars, details with respect to the foreign law relied upon (see CPLR, § 4511, subd. [b]; 5 Weinstein, Korn, Miller, N. Y. Civ. Prac., par. 4511.05). Accordingly, Special Term properly refused to strike paragraph XIV of the demand for a bill of particulars. Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.